IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| MEMPHIS LIGHT, GAS & WATER DIVISION, a division of the CITY OF MEMPHIS | ) ) ) ) ) | Jury Trial Demanded |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Carlos W. Phifer who was adversely affected by these unlawful employment practices. As alleged with greater particularity below, Memphis Light, Gas & Water Division, a division of the City of Memphis (Defendant Employer) failed to promote Carlos W. Phifer, then age 57, because of his age.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Memphis Light, Gas & Water Division, a division of the City of Memphis (Defendant Employer) has continuously been operating as an instrumentality of the City of Memphis.

5. At all relevant times, Defendant Employer has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

6. More than 30 days prior to institution of this lawsuit, Mr. Phifer filed a charge with the Commission alleging a violation of the Age Discrimination in Employment Act by Defendant Employer.

7. The Commission found reasonable cause to believe the charge was true and endeavored to eliminate the discriminatory practices through informal methods of conciliation, conference and persuasion, but was unable to secure a conciliation agreement acceptable to the Commission within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

8. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

8.	Since at least August 2011, Defendant Employer has engaged in unlawful employment practices at its Memphis, Tennessee facility, in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a).  The alleged unlawful employment practices include failing to promote Carlos W. Phifer because of his age, 57.

	a.	Phifer began his employment with Defendant Employer in 2004 in the position of Clerical Support III.

	b.	From 2004 through 2011, Phifer worked for Defendant Employer in a number of computer and information technology based positions.  These positions include Clerical Support III, Computer Operations Specialist/Service Desk, and Acting Chief of Data Processing/Records Retention.

	c.	Defendant Employer posted a vacant position for a Computer Operations Specialist I position in May 2011 and Phifer submitted a complete application for the position.

	d.	Defendant Employer received approximately 125 applications for the Computer Operations Specialist I position.

	e.	Out of the applications received, Defendant Employer interviewed three candidates, including Phifer and Betty Ann Joiner, then age 37.

	f.	Defendant Employer's management officials interviewed the three candidates individually.  The interview panel consisted of the following individuals:  Vickie Price (Defendant Employer's Supervisor of Systems Security), Dianne Moore (Defendant Employer's Chief of Computer Operations), and Eric Conway (Defendant Employer's HR Compliance Coordinator).

      g.      The interview panel rated Phifer as "Superior," giving him a numerical ranking of 2.61 (on a scale of 0 to 3). The interview panel rated the other 2 candidates, including Joiner, as "Clearly Acceptable," giving both candidates a numerical ranking of 2.0 (on a scale of 0 to 3).

      h.      The interview panel determined that Phifer was the most qualified candidate for the Computer Operations Specialist I position. Price reported this decision to Elvis Morgan (Defendant Employer's IT/Data Security Manager).

      i.      When Price informed Morgan that the interview panel had selected Phifer, Morgan began asking questions about Phifer's age and when Phifer planned to retire.

      j.      Morgan then told Price that he wanted the position to go to Joiner. Morgan met with Price several times and made it clear that Joiner, not Phifer, should be offered the Computer Operations Specialist I position.

      k.      Although Phifer, then age 57, was the most qualified candidate for the Computer Operations Specialist I position, Defendant Employer offered the position to Joiner, then age 37, which she accepted.

9.       The effect of the practices complained of in paragraph 8 above has been to deprive Carlos W. Phifer of equal employment opportunities and otherwise adversely affect his status an employee, because of his age.

10.       The unlawful employment practices complained of in paragraphs 8 and 9 above were willful and intentional within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.       Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from

failing to promote or engaging in any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.	Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.	Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Carlos W. Phifer, whose wages are being unlawfully withheld as a result of the acts complained of above.

D.	Order Defendant Employer to make whole Carlos W. Phifer by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to instatement; adjustment of wages, seniority and benefits to current levels; and front pay, where appropriate.

E.	Grant such further relief as the Court deems necessary and proper in the public interest.

F.	Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Faye A. Williams (with permission MHM)
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

s/ Joseph M. Crout (with permission MHM)
JOSEPH M. CROUT
Supervisory Trial Attorney
TN Bar No. 012957

s/ Matthew H. McCoy
MATTHEW H. McCOY
Trial Attorney
IN Bar No. 29368-49

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Ave., Suite 901
Memphis, TN 38104
(901) 544-0070