```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```
_____

EQUAL EMPLOYMENT OPPORTUNITY    )
COMMISSION,                     )
                                )
    Plaintiff,                  )
                                )
v.                              )        No. 14-2143-TMP
                                )
MEMPHIS LIGHT, GAS & WATER      )
DIVISION, a division of the     )
CITY OF MEMPHIS,                )
                                )
    Defendant.                  )

_____

## CONSENT DECREE
_____

## INTRODUCTION

The Equal Employment Opportunity Commission (Commission or EEOC) instituted this civil action against Defendant, Memphis Light, Gas & Water Division, a division of the City of Memphis (MLGW or Defendant) to remedy alleged unlawful employment practices in violation of the Age Discrimination in Employment Act of 1967 (ADEA). In the Commission's Complaint, filed on February 28, 2014, the Commission alleges Defendant failed to promote Carlos W. Phifer, then age 57, because of his age.

Defendant denies the allegations contained in the Commission's Complaint.

This Consent Decree (Decree) does not constitute a finding on the merits of the case and does not constitute an admission by Defendant of the allegations in the Complaint.  The Commission and Defendant have consented to entry of this Decree to avoid the additional expense that continued litigation of this case would involve.

This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referenced herein.  No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing.  No representations or inducements to compromise this action have been made between the parties, other than those recited or referenced in this Decree.  In the event this Decree is not approved or does not become final, it will not be admissible in evidence in any subsequent proceeding in this lawsuit.

The Court has reviewed the terms of this Decree in light of the applicable laws and regulations and the representations of counsel for the parties, and hereby approves this Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

### I.  JURISDICTION

1. The parties stipulate that the United States Court for the Western District of Tennessee, Western Division, has jurisdiction over the parties and the subject matter of this

litigation and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution.

2. No party shall contest jurisdiction of this federal court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

## II.   SCOPE AND DURATION OF THIS DECREE

3. This Decree resolves all issues and claims arising out of the Commission's Complaint in Civil Action No. 2:14-cv-02143, alleging unlawful employment practices by Defendant based on Charge No. 490-2012-00755 filed by Carlos W. Phifer. This Decree shall not be considered in any manner to be dispositive of any charge which is or may be pending before any office of the Commission other than Charge No. 490-2012-00755.

4. The provisions of this Decree are effective immediately upon the date that the Decree is entered by the court and shall be binding upon the parties to this lawsuit for one year after the effective date of this Decree.

## III. NON-DISCRIMINATION PROVISIONS

5. Defendant states it does not discriminate or retaliate against any applicant because of age. Defendant shall not discriminate or retaliate against any applicant because of age.

## IV.   TRAINING

6.   Defendant states that it has a training program on employment discrimination and retaliation.  Defendant will conduct the training program on employment discrimination and retaliation to all employees within 120 days.

7.   Defendant will advise staff in writing that the training is mandatory for all employees.  The training will last two hours and will include, but not necessarily be limited to, the following:

   (a)  An in-depth discussion of age discrimination;

   (b)   An in-depth discussion of retaliation, including what constitutes retaliation under Title VII;

   (c)   A discussion of how to prevent, identify, and remedy employment discrimination; and

   (d)   A discussion of Defendant's policy prohibiting discrimination and retaliation, including procedures and responsibilities for reporting, investigating and remedying discrimination and retaliation.

8.   Defendant's MLGW Training Center will provide the training and fulfill the training requirement in Paragraphs six and seven above.

## V.   INDIVIDUAL RELIEF

9.   Defendant will instate Carlos W. Phifer to the Computer Operations Specialist I position with the same pay and

maintaining the same benefits, effective beginning the first full pay period following entry of the Decree.

10. Defendant will pay total damages of $11,500, less required deductions, to Carlos W. Phifer in full and final settlement of the claims of Carlos W. Phifer and of the EEOC under the Commission's Complaint.

11. Within twenty business days of the entry of this Decree by the court, Defendant shall mail a check, via certified mail, to Carlos W. Phifer at the address provided by the Commission. Concurrently, a copy of the check and related correspondence will be submitted to Matthew H. McCoy, EEOC Trial Attorney, at the address listed below.

12. Late payment of the check shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

### VI. RECORDKEEPING AND REPORTING PROVISIONS

13. Defendant states that it maintains records of any complaints of discrimination or retaliation involving its employees.

14. Defendant states that its maintenance of records includes the following:

>    (a) the name of the employee or applicant making the complaint;
>
>    (b) the date of the report or complaint;
>
>    (c) a detailed description of the allegations made;

  (d) the names of any witnesses;

  (e) the name and job title of the alleged bad actor; and

  (f) what actions, if any, Defendant took to resolve the complaint.

15. Defendant will provide one annual report to the Commission. This report must contain:

  (a) a summary of the information recorded by Defendant pursuant to Paragraphs 13 and 14 above;

  (b) a record of attendance at the training program required by Paragraphs 6 and 7 above; and

  (c) a certification by Defendant that the Notice required to be posted by Paragraphs 17 and 18 below remained posted during the time period indicated in paragraph 18.

16. Defendant will submit the above-mentioned report within 12 months of the entry of this Decree. Defendant shall submit this annual report to Matthew H. McCoy, EEOC Trial Attorney, at the address listed below.

### VII.  NOTICE

17. Defendant will post the Notice attached as Exhibit A within 10 days of entry of this Decree.

18. Defendant will post Exhibit A at its Memphis, Tennessee facilities, in conspicuous places upon its premises

where notices to employees and applicants for employment are customarily posted, and keep Exhibit A posted for nine months.

19.  Defendant states it has a current practice of posting in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000e-10.

### VIII.   ENFORCEMENT

20.  If Defendant fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under this Decree.  The Commission will provide ten days notice to Defendant of any deficiency in complying with the terms of this Decree.  If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of this Decree, the Commission will then have the option of petitioning the Court for relief.

### IX.   MISCELLANEOUS

21.  Each of the parties shall bear its own costs and attorney fees in this lawsuit.

22.  If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

23.  When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury by an officer or management employee of Defendant.

24. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the Commission, they will be e-mailed to: matthew.mccoy@eeoc.gov and tralia.rahmann@eeoc.gov, Subject: MLGW ADEA Settlement.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

September 1, 2015
Date

Approved by the parties:

FOR THE COMMISSION:

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/ Faye A. Williams
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

s/ Gerald L. Thornton
**GERALD L. THORNTON**
Supervisory Trial Attorney
TN Bar No. 015898

s/ Matthew H. McCoy
**MATTHEW H. McCOY**
Trial Attorney
IN Bar No. 29368-49

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 901

FOR DEFENDANTS:

**FISHER & PHILLIPS, LLP**

s/ Jeff Weintraub (w/p MHM)
**JEFF WEINTRAUB** (TN BPR #9686)
1715 Aaron Brenner Drive, Suite 312
Memphis, TN 38120
(901) 526-0431 – telephone
(901) 526-8183 – facsimile
jweintraub@laborlawyers.com

Attorneys for Defendant

MEMPHIS LIGHT, GAS & WATER DIVISION, a division of the CITY OF MEMPHIS

```
Memphis, TN 38104
(901) 544-0070
```
Matthew.mccoy@eeoc.gov

EXHIBIT A

**NOTICE TO ALL EMPLOYEES**

This Notice is posted to all employees pursuant to a Consent Decree entered into between Memphis Light, Gas & Water Division, a division of the City of Memphis (MLGW) and the Equal Employment Opportunity Commission (EEOC) as part of the settlement of a lawsuit, Civil Action No. 2:14-cv-02143, filed in the United States District Court of the Western District of Tennessee, Western Division. MLGW states that it has a current practice of conducting training on the prevention of employment discrimination and retaliation in the workplace.

Age discrimination is a violation of the Age Discrimination in Employment Act of 1967 (ADEA). Federal law requires an employer to maintain a workplace free from discrimination based on race, sex (gender), religion, color, national origin, age (40 or older), or disability with respect to terms and conditions of employment. It is also unlawful to retaliate against any employee who opposes a practice made unlawful under federal law, files, assists or participates in the filing of a charge of discrimination or participates in any investigation under the ADEA.

MLGW does not tolerate or condone discrimination or retaliation against any employee or applicant for employment. Discrimination, which includes retaliation for reporting discrimination, is a violation of company policy as well as federal law. Violation of these company policies by anyone employed by MLGW will result in disciplinary action up to and including termination.

If you believe you have been discriminated or retaliated against in violation of federal law, you have the right to seek assistance from:

> Equal Employment Opportunity Commission
> 1407 Union Avenue, Suite 901
> Memphis, Tennessee 38104
> Telephone:    (901) 544-0119
> Website:   www.eeoc.gov

This Notice will remain posted for nine months from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

_____       _____
Date                             Memphis Light, Gas & Water Division
                                 City of Memphis

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED**